IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN KENT BLOOM,

    Petitioner,

    v.                                                   CASE NO. 19-3073-SAC

KRISTI MILLER, Deputy Warden,
El Dorado Correctional Facility,

    Respondent.

## ORDER

Petitioner Steven Kent Bloom filed this matter as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is incarcerated at El Dorado Correctional Facility-Central in El Dorado, Kansas ("EDCF"). Petitioner challenges EDCF's censorship of his book and claims violations of the First and Fourteenth Amendments. The Court entered an Amended Notice of Deficiency (Doc. 3) noting that Petitioner failed to use the Court's form complaint and failed to pay the $400 filing fee for a civil rights action. Petitioner filed a Motion to Alter or Amend (Doc. 4), seeking to amend the Court's Amended Notice of Deficiency and arguing that his case should be treated as a habeas action under 28 U.S.C. § 2241.

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S. C. § 2241(c)(3). A petition under 28 U.S.C. § 2241 provides the remedy to challenge the execution of a sentence. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). Thus, a petitioner may challenge the fact or duration of his confinement and may seek release or a shorter period of confinement. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n.2 (10th Cir. 2012).

Claims challenging a prisoner's conditions of confinement do not arise under Section 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997) (contrasting suits under Section 2241 and conditions of confinement claims). Petitioner may not bring his claims regarding his book censorship in a habeas corpus action; rather, he must proceed, if at all, in a civil rights action filed under 42 U.S.C. § 1983. *See Requena v. Roberts*, 552 F. App'x. 853 (10th Cir. April 7, 2014). If Petitioner intends to pursue this action as a § 1983 claim, he must submit his claim on the proper form and otherwise comply with the Amended Notice of Deficiency regarding submission of the filing fee or a motion to proceed in forma pauperis.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion to Alter or Amend (Doc. 4) is **denied.**

**IT IS FURTHER ORDERED** that Petitioner shall comply with the Court's Amended Notice of Deficiency at Doc. 3.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 14th day of May, 2019.**

    <u>S/ Sam A. Crow</u>
    SAM A. CROW
    SENIOR U. S. DISTRICT JUDGE